WILLIAM W. BOND, JR. AND ASSOCIATES, APPELLANTS, *v.*
AIRWAY DEVELOPMENT CORPORATION ET AL., APPELLEES.

(No. 77-1193—Decided June 21, 1978.)

*Mr. Ronald D. Keener,* for appellants.

*Messr. Faust, Harrelson, Fulkner & McCarthy* and *Mr. John E. Fulkner,* for appellees.

COOK, J.  The sole issue for the consideration of this court is whether a motion for reconsideration is the equivalent of a motion for a new trial (Civ. R. 59) or a motion for judgment notwithstanding the verdict (Civ. R. 50[B]), and therefore tolls the 30-day requirement for filing a notice of appeal after entry of an appealable judgment or order in the trial court.

App. R. 4(A) states:

"In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. * * *

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion (1) for judgment under Rule 50(B); (2) for a new trial under Rule 59. * * *"

In the case at bar, plaintiffs' motion was clearly a motion for reconsideration and not a motion for a new trial or for judgment notwithstanding the verdict.

Not only was plaintiffs' motion captioned "Motion for Reconsideration," but it recited, "Plaintiffs, William W. Bond, Jr. and Associates, hereby requests [*sic*] that this Court reconsider the decision rendered by this Court and filed in this Court on June 6, 1977."

Plaintiffs' motion complied with Civ. R. 7(B)(1) which provides:

"An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing.  A motion, whether written or oral, shall state with particularity the grounds therefor, *and shall set forth the relief or order sought.* * * *" (Emphasis added.)

This court has spoken on the question presented by the cause *sub judice*. In *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265, we held, in a *per curiam* opinion:

"In addition to establishing the 30 day period for appeal, App. R. 4(A) provides the exclusive means by which the running of that time may be suspended. The operation of the rule may be tolled by either the filing of a motion for judgment notwithstanding the verdict, pursuant to Civ. R. 50(B), or the filing of a motion for new trial under Civ. R. 59. Appellant's 'motion for reconsideration' manifestly is neither.

"Appellant's attempt to equate that motion with a motion for a new trial is of no avail, nor is her argument that the *de novo* nature of the court's reconsideration transformed the motion which triggered it into a motion for a new trial. App. R. 4(A) is precise in its requirements, and appellant's possible reliance to her detriment upon an informal local practice, although unfortunate, cannot alter the operation of that Rule. Her failure to conform to App. R. 4(A) rendered null the 'reconsideration' and the resulting journal entry of April 10, 1973, and the Court of Appeals properly granted the motion to dismiss the appeal."

In the case at bar, plaintiffs' "motion for reconsideration" is not a motion for relief from judgment or a motion for new trial. Therefore we hold that plaintiffs' failure to conform to App. R. 4(A) rendered null the "reconsideration" and the resulting journal entry of June 22, 1977, and the Court of Appeals properly sustained the motion to dismiss the appeal as not being timely filed.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, COLE and LOCHER, JJ., concur.

COLE, J., of the Third Appellate District, sitting for P. BROWN, J.

COOK, J., of the Eleventh Appellate District, sitting for SWEENEY, J.