GAETA, APPELLEE, *v.* CITY OF CLEVELAND, APPELLANT.*

[Cite as Gaeta *v.* Cleveland (1988), 39 Ohio St. 3d 338.]

(No. 87-1705—Submitted October 5, 1988—Decided November 16, 1988.)

*Friedman, Chenette, Domiano & Smith Co., L.P.A.,* and *Jeffrey H. Friedman,* for appellee.

*Marilyn G. Zack,* director of law, *Robert M. Wolff* and *Peter N. Kirsanow,* for appellant.

For the reasons stated in *Atkinson* v. *Grumman Ohio Corp.* (1988), 37 Ohio St. 3d 80, 523 N.E. 2d 851, the

---

* This action was originally styled as *Cleveland* v. *Gaeta.*

judgment of the court of appeals is reversed and the cause is remanded to the trial court.

The city of Cleveland has thirty days from today to file its notice of appeal from the December 9, 1985 journal entry of the court of common pleas.

SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

MOYER, C.J., and H. BROWN, J., dissent.

H. BROWN, J., dissenting. The Civ. R. 60(B) motion filed by the city represents a transparent effort to circumvent App. R. 4(A). Accordingly, I dissent.

On December 9, 1985, the Court of Common Pleas of Cuyahoga County journalized its reversal of the Cleveland Civil Service Commission's decision to terminate the employment of Sander Gaeta. On December 10, 1985, notice of this judgment was published in the Daily Legal News. It is uncontroverted that the court of common pleas failed to send the city a "postcard" notice of the judgment. *The city, however, readily admits that it received actual notice of the judgment on January 29, 1986,* via a letter mailed by Gaeta's counsel informing the city of the judgment and requesting Gaeta's reinstatement.

After receiving actual notice of the judgment the city chose to file a motion for relief from judgment pursuant to Civ. R. 60(B). The motion was based on the failure of the common pleas court to send the city a postcard notice of its ruling. The motion for relief from judgment was filed on February 12, 1986; it was denied by the court of common pleas on March 20, 1986. Following the city's renewed motion to vacate judg-

ment, the March 20 order was vacated and an identical order overruling the motion for relief from judgment was issued to allow the city to timely appeal. It is the appeal from the dismissal of the city's appeal by the court of appeals which is before us today.

The city failed to file a notice of appeal from the December 9, 1985 ruling until more than seven months had passed from the date the city received actual notice. The court of appeals denied the appeal as untimely and we overruled the city's motion to certify the record on December 26, 1986 (case No. 86-1982).

The city is attempting to circumvent the process of appeal and to extend the strict time limits of App. R. 4(A) by filing a Civ. R. 60(B) motion. The rule in Ohio, however, is that the filing of a Civ. R. 60(B) motion does not toll the thirty-day time requirements of App. R. 4(A). See *William W. Bond, Jr. & Assoc.* v. *Airway Development Corp.* (1978), 54 Ohio St. 2d 363, 8 O.O. 3d 384, 377 N.E. 2d 988; *Kauder* v. *Kauder* (1974), 38 Ohio St. 2d 265, 67 O.O. 2d 333, 313 N.E. 2d 797; *Town & Country Drive-in Shopping Centers* v. *Abraham* (1975), 46 Ohio App. 2d 262, 75 O.O. 2d 416, 348 N.E. 2d 741. "Civ. R. 60(B) may not be used as a substitute for a timely appeal or to accommodate a party by extending the normal period for appeal." *Steadley* v. *Montanya* (1981), 67 Ohio St. 2d 297, 299, 21 O.O. 3d 187, 188, 423 N.E. 2d 851, 853; *Bosco* v. *Euclid* (1974), 38 Ohio App. 2d 40, 67 O.O. 2d 209, 311 N.E. 2d 870. The city could have preserved its right of appeal by filing a notice of appeal when it filed the Civ. R. 60(B) motion.[1] Its failure to do so was a fatal error.

The city's motion for relief from

---

[1] The effect of filing a motion for relief from judgment pursuant to Civ. R. 60(B) and also filing a notice of appeal is simply that the trial court would be without jurisdiction to act on the Civ. R. 60(B) motion during the pendency of the appeal. *Demp-*

judgment does not meet the test set forth in *GTE Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113, and should not be granted. This court's order today sanctions a maneuver which makes a farce of the thirty-day filing requirement contained in the Rules of Appellate Procedure.

MOYER, C.J., concurs in the foregoing dissenting opinion.

*sey* v. *Chicago Title Ins. Co.* (1985), 20 Ohio App. 3d 90, 20 OBR 111, 484 N.E. 2d 1064; *Vavrina* v. *Greczanik* (1974), 40 Ohio App. 2d 129, 69 O.O. 2d 146, 318 N.E. 2d 408.