OPINION
Defendant-appellant Northland Insurance Company appeals the May 11, 2001 Judgment Entry of the Stark County Court of Common Pleas which overruled its Motion for Reconsideration of the trial court's declaration its commercial general liability policy provided uninsured/underinsured motorist coverage. Appellee is Carol Rimel, Administrator [sic] of the Estate of Danny J. Rimel, Deceased.
 STATEMENT OF THE CASE[1]
Appellee filed a Complaint for Declaratory Judgment against Chubb Group of Insurance Companies and Federal Insurance Company (collectively referred to by appellee in her complaint as "Chubb", but hereinafter as "Federal")[2], and against appellant Northland Insurance Company ("Northland") to determine whether or not uninsured/underinsured motorist coverage was available to decedent and decedent's beneficiaries from Chubb, Federal and/or Northland based upon insurance policies issued by them.[3] Specifically as to Northland, appellee requested the trial court declare Danny Rimel an insured for purposes of underinsured motorist coverage under Commercial Automobile Liability Policy Number TN227805 issued to Litco International, Inc. ("Litco"), Danny Rimel's employer, and to declare the limits of coverage thereunder to be one million dollars. Appellee further prayed the trial court order: the matter to binding arbitration for determination of total damages as provided in the policy; Northland to pay prejudgment interest from the date of Danny Rimel's death; Northland to pay appellee's attorney fees and costs occurred in the action; and, finally, for any other relief the trial court deemed appropriate.
Northland filed its answer to appellee's complaint.
Appellee filed an amended complaint adding State Farm Fire and Casualty Company ("State Farm") as a defendant.[4] The prayer for relief against Northland and Federal remained the same as that prayed for in appellee's original complaint. Northland filed an answer to appellee's amended complaint.
Thereafter, Northland, Federal and appellee filed Stipulations relative to the facts of the accident involving Danny Rimel and the circumstances surrounding issuance of their respective policies issued to Litco. Appellee and Northland filed a second set of Stipulations incorporating a certified copy of a Commercial Auto Liability Policy issued by Northland to Litco in effect on the date of the accident. Appellee, with approval of the trial court, amended its complaint to incorporate a request for declaratory relief relative to Northland's Commercial General Liability Policy issued to Litco. Subsequently, appellee filed a notice of filing of a certified copy of this policy, NL000288, which policy is the subject of Northland's appeal.
Appellee filed a motion for summary judgment against Northland and Federal. Northland filed its memorandum in opposition. Federal filed its brief in opposition and a cross-motion for summary judgment. Appellee filed a reply to Northland's memorandum in opposition and to Federal's brief in opposition, and filed an appellee's brief in opposition to Federal's cross-motion for summary judgment. Federal filed a reply regarding its cross-motion for summary judgment.
A non oral hearing was held on appellee's motion for summary judgment and Federal's cross-motion for summary judgment on October 20, 2000. Via Judgment Entry filed October 31, 2000, the trial court granted summary judgment in favor of appellee and against Northland, finding Danny Rimel was an insured under Northland's Commercial Automobile Liability Insurance Policy, TN22705, and the one million dollars UM\UIM coverage thereunder was available; granted summary judgment in favor of appellee and against Northland, finding Danny Rimel was an insured under Northland's Commercial General Liability Insurance Policy, NL000288, and the two million dollars UM\UIM coverage thereunder was available; and denied appellee's summary judgment against Federal and granted Federal's cross-motion for summary judgment, finding no coverage available to appellee under Federal's Excess\Umbrella Insurance Policy 9873-24-13. This judgment entry did not include Civ. R. 54(B) language indicating there was no just cause for delay. Following a motion by appellee, on December 13, 2000, the trial court filed a Judgment Entry ordering the case against Northland into arbitration.
On January 3, 2001, appellee filed a motion for reconsideration, asking the trial court to revisit its decision granting summary judgment to Federal, based upon the Ohio Supreme Court's decision in Linko v.Indemnity Ins. Co. of North Am.[5], which was issued December 27, 2000. Federal filed a brief in opposition and appellee filed a reply. Via Judgment Entry filed January 16, 2001, the trial court found it was without jurisdiction to rule on appellee's motion for reconsideration because the case was then pending in this Court.
Without further pleading or motion of any party, the trial court filed a Nunc Pro Tunc Judgment Entry on January 23, 2001. In that judgment entry, the trial court vacated its January 5, 2001 Judgment Entry stating it erred in finding an appeal of the matter was pending. The trial court went on to reconsider its October 31, 2000 grant of summary judgment in favor of Federal in light of Linko, and found Danny Rimel was an insured under Federal's Excess/Umbrella Insurance Policy, 9873-24-13, and the ten million dollars UM\UIM coverage thereunder was available to appellee. Appellee was granted summary judgment on the issue of coverage under said policy and Federal's cross-motion for summary judgment was overruled. The trial court concluded its January 23, 2001 Judgment Entry with the following:
 The Court finds that all matters of a declaratory nature had been ruled upon by this Court, with the exception of coverage by State Farm Insurance Company, which has been stipulated.
 This is a final appealable order. There is no just reason for delay.
IT IS SO ORDERED.
The entry reflects copy to all counsel of record, including Northland's counsel.
Following entry of the trial court's January 23, 2001 Nunc Pro Tunc Judgment Entry, the Clerk of Courts issued notices, stating an entry which may be a final appealable had been filed on January 23, 2001, upon counsel of record for all parties, including Northland.
Thereafter, on April 30, 2001, Northland filed a Motion for Reconsideration of the trial court's October 31, 2000 determination Northland's Commercial General Liability Policy provided uninsured/underinsured motorist coverage based upon the Ohio Supreme Court's decision in Davidson v. Motorist Mutual Ins.[6], which was issued April 11, 2001. Appellee filed a memorandum in opposition and Northland filed a reply. On May 11, 2001, the trial court filed a Judgment Entry which it overruled Northland's motion for reconsideration finding ". . . Defendant's Motion to be barred by res judicata as the Nunc Pro Tunc Judgment Entry of January 23, 2001, was a final appealable order."
On June 8, 2001, Northland filed its Notice of Appeal of the trial court's May 11, 2001 Judgment Entry.[7] Northland assigns as error:
 THE TRIAL COURT WAS IN ERROR IN OVERRULING THE APPELLANT'S MOTION FOR RECONSIDERATION PURSUANT TO AN ENTRY FILED ON JANUARY 5, 2001 [SIC].[8]
Northland argues upon review of the January 23, 2001 entry, ". . . it seems obvious that there was no intent on behalf of the trial court to encompass Northland and State Farm into its original Judgment Entry."[9]
Appellee counters the trial court's January 23, 2001 entry merged all of the previous orders into one final appealable order. We agree with appellee.
A declaratory judgment action is a special proceeding pursuant to R.C.2505.02; therefore, a final appealable order.[10] The January 23, 2001 entry granted appellee summary judgment on its declaratory judgment action against Federal; judicially recognized the stipulation of coverage by State Farm; and referenced its previous grant of summary judgment in favor of appellee on its declaratory judgment action against Northland. Upon filing of the January 23, 2001 entry, all of appellee's declaratory judgment requests against all three defendants (Northland, Federal, and State Farm) had been determined. The remaining claims for relief against the defendants were appellee's request for referral to arbitration, prejudgment interest, attorney fees and costs. By including the requisite Civ. R. 54(B) language in its January 23, 2001 entry, the trial court's ruling declaring coverage existed under both Northland policies and the Federal and State Farm policies and the respective amounts of each coverage, became a final appealable order.
Northland did not file a notice of appeal of the trial court's January 23, 2001 entry within thirty days as required by App. R. 4(A). Instead, Northland filed its motion for reconsideration on April 30, 2001, which was overruled by the trial court on May 11, 2001. Northland then filed its notice of appeal of the trial court's May 11, 2001 entry on June 8, 2001.
Although interlocutory orders are subject to motions for reconsideration, final orders and judgments are not.[11] The Ohio Rules of Civil Procedure do not provide for a motion for reconsideration after final judgment in the trial court, and the application for such is a nullity.[12]
The thirty day time limit set forth in App. R. 4(A) may be extended only by those exceptions recognized in App. R. 4(B)(2). A motion for reconsideration does not effect or toll the time for appeal.[13]
Because Northland failed to file a timely notice of appeal from the final order entered by the trial court on January 23, 2001, we find this Court lacks jurisdiction to determine the merits of Northland's appeal.[14]
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, this appeal is dismissed for lack of jurisdiction. Costs assessed to appellant.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. concur. Farmer, J. dissents.
[1] A statement of the facts is unnecessary given our disposition of this appeal on procedural grounds.
[2] The policy appellee identified as being purchased from Chubb was an excess/umbrella Policy Number 987973-24. The policy is titled at the top "The Chubb Commercial Umbrella" and identifies both Chubb Group of Insurance Companies and Federal Insurance Company therein. In its answer to appellee's admended complaint, Federal acknowledges it is also referred to as Chubb Group of Insurance Companies (a non-existent entity) and admitted it issued a commercial umbrella policy barring Policy Number (98)7973-24-13CAS, a copy of which was attached to appellee's first amended complaint.
[3] Chubb and Federal are not parties to this appeal.
[4] Appellee and State Farm later entered into stipulations whereby State Farm stipulated Danny Rimel was insured by them for purposes of uninsured and underinsured motorist coverage subject to a limit of liability of two million dollars. That stipulation was revokable by State Farm if the Ohio Supreme Court reversed, modified, limited or distinguished specified cases during the pendency of the case subjudice. State Farm has not filed a brief in this appeal.
[5] Linko v. Indemnity Ins. Co. of North Am. (2000), 90 Ohio St.3d 445.
[6] Davidson v. Motorist Mutual Ins. (2001), 91 Ohio St.3d 262.
[7] In the interim, appellee filed a motion for prejudgment interest and an application to confirm arbitration award and reduce to judgment. After filing its notice of appeal, Northland moved the trial court to modify or correct the arbitration award and filed a motion in opposition to appellee's motion to confirm and reduce the arbitration award to judgment and also a memorandum in opposition to appellee's motion for prejudgment interest. Federal and State Farm also filed pleadings in opposition to appellee's motion for prejudgment interest.
[8] We presume Northland meant to identify the entry filed May 11, 2001.
[9] Northland's Brief at 9.
[10] General Acc. Ins. Co. v. Insurance Co. of North America (1989),44 Ohio St.3d 17.
[11] Pitts v. Dep. of Transportation (1981), 67 Ohio St.2d 378.
[12] Dahl v. Kelling (1986), 34 Ohio App.3d 258.
[13] Pitts, supra; William W. Bond, Jr. Assoc. v. Airway DevelopmentCo. (1978), 54 Ohio St.2d 363; Krauder v. Krauder (1974),38 Ohio St.2d 265.
[14] Bosco v. City of Euclid (1974), 38 Ohio App.2d 40; Ditmars v.Ditmars (1984), 16 Ohio App.3d 174.