DECISION AND JUDGMENT ENTRY
{¶ 1} Plaintiff/Appellant, State of Ohio, appeals from the decision of the Athens County Municipal Court granting Appellee, Travis Perry's, motion for suppression of evidence establishing probable cause for his OVI arrest. Appellant argues that the trial court's findings of fact were against the manifest weight of the evidence, that the trial court erred in refusing to consider certain standardized field sobriety testing results and ultimately erred in determining that probable cause did not exist for Appellee's arrest. Because we find that Appellant's appeal was untimely filed, we do not have jurisdiction to consider the merits of this case and therefore dismiss the appeal.
 {¶ 2} Appellant and Appellee both agree on the facts before this court, which involve Appellee's stop, detention and subsequent arrest for OVI, in violation of R.C. 4511.19(A)(1) and (A)(4). In light of our disposition of this matter based upon time limitations, we limit our recitation of the facts to only those facts related to the time for bringing this appeal. A suppression hearing was held on July 26, 2004. The trial court issued its Decision and Journal Entry on July 28, 2004, granting Appellee's motion to suppress as to some issues but denying it as to other issues. In response to this ruling, Appellant filed a motion for reconsideration on August 4, 2004, to which the trial court issued its Decision and Journal Entry on August 17, 2004, modifying its earlier decision, but still suppressing certain evidence. On August 24, 2004, Appellant filed its notice of appeal "from the Motion to Suppress granted by the Court on July 28, 2004, with Motion to Reconsider denied on August 17, 2004."
 {¶ 3} Appellant sets forth the following assignments of error on appeal:
 {¶ 4} "I. THE TRIAL COURT'S FINDINGS OF FACT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 5} II. THE TRIAL COURT ERRED IN REFUSING TO CONSIDER CERTAIN STANDARDIZED FIELD SOBRIETY TESTS AND THEIR RESULTS FOR PURPOSES OF DETERMINING THE EXISTENCE OF PROBABLE CAUSE.
 {¶ 6} III. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT PROBABLE CAUSE DID NOT EXIST FOR SGT. NORRIS TO ARREST APPELLANT FOR A VIOLATION OF 4511.19."
 {¶ 7} We initially note a time problem with the filing of Appellant's notice of appeal, which must be addressed at the outset. R.C. 2945.67
(Appeal by State) provides in § (A) that "[a] prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants * * * a motion to suppress evidence." This type of appeal, appeal as of right, is contrasted with appeal by leave of court, which is also provided for in R.C. 2945.67.
 {¶ 8} Appellate Rule 4 (Appeal as of right — when taken) provides in pertinent part in § (A) (Time for Appeal) that "[a] party shall file the notice of appeal required by App.R. 3 within 30 days of the later of entry of judgment or order appealed." (Emphasis added). Appellate Rule 4(B) provides exceptions, which include an appeal by the prosecution. Specifically, App. R. 4(B)(4) (Appeal by Prosecution) provides that "[i]n an appeal by the prosecution under Crim. R. 12(K) * * *, the prosecution shall file a notice of appeal within seven days of entry of the judgment or order appealed." (Emphasis added).
 {¶ 9} Crim. R. 12(K) (Appeal by State) provides that "[t]he appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days
after the date of the entry of the judgment or order granting the motion." (Emphasis added). The only reason the seven day filing deadline may be tolled is in the case of a criminal post-judgment motion. Appellate Rule 4(B)(3) (Criminal post-judgment motion) provides that "[i]n a criminal case, if a party timely files a motion for arrest of judgment or a new trial for a reason other than newly discovered evidence, the time for filing a notice of appeal begins to run when the order denying the motion is entered."
 {¶ 10} The Decision and Journal Entry granting Appellee's motion to suppress was dated July 28, 2004. It is from this date, not the date of the Decision and Journal Entry relating to the motion for reconsideration, that Appellant's time for appeal began to run. Because Appellant appealed as a matter of right, it had only seven days to file its notice of appeal with this court. Appellant erroneously filed its notice of appeal within seven days of the issuance of the decision related to the motion for reconsideration. A motion for reconsideration is not equivalent to a motion for arrest of judgment or motion for new trial, which filing would have tolled the deadline for the filing of the notice of appeal. See Bond v. Airway Development Corp. (1978),54 Ohio St.2d 363, 377 N.E.2d 988 (where the court held that "plaintiff's `motion for reconsideration' is not a motion for relief from judgment or a motion for a new trial."). In Bond, the Supreme Court of Ohio held that the "plaintiff's failure to conform to App. R. 4(A) rendered null the `reconsideration' * * * and the Court of Appeals properly sustained the motion to dismiss the appeal as not being timely filed." Id.
 {¶ 11} Further, the Ohio Rules of Civil Procedure do not provide for motions for reconsideration after a final judgment in a trial court,Pitts v. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 378,423 N.E.2d 1105 at paragraph one of the syllabus, and such motions are considered a nullity. State ex rel. Pendell v. Adams Cty. Bd. ofElections (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713; see, also, Stateex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals of CuyahogaCty. (1990), 56 Ohio St.3d 33, 35, 564 N.E.2d 86. There is also no authority for a motion for reconsideration under the criminal rules and these too will be considered a nullity. See City of Cleveland Heights v.Richardson (1983), 9 Ohio App.3d 152, 154, 458 N.E.2d 901; State v.Hicks (May 30, 1991), Cuyahoga App. No. 60985, 1991 WL 95135; State v.Carpenter (June 15, 1990), Allen App. No. 1-88-58, 1990 WL 82539; City ofGeneva v. Zendarski (June 26, 1987), Ashtabula App. No. 1305, 1987 WL 12250. More recently, in State v. Stritch, Montgomery App. No. 20759, 2005-Ohio-1376, the court specifically held that "Crim. R. 12(K) obligates the State to appeal an adverse suppression ruling within sevendays, and the State's filing of a motion for reconsideration or clarification of a trial court's order suppressing evidence does not extend the time for filing an appeal under Crim. R. 12(K)." Citing Statev. Bassham, 94 Ohio St.3d 269, 270-272, 2002-Ohio-797, 762 N.E.2d 963.
 {¶ 12} In light of the foregoing authority, Appellant's notice of appeal was untimely filed and as a result, this Court is without jurisdiction to consider the merits Appellant's arguments on appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.