MEMORANDUM OPINION
{¶ 1} On March 12, 2007, appellant, the state of Ohio, filed a notice of appeal from a February 14, 2007 judgment of the Ashtabula Court of Common Pleas. In this judgment, the trial court granted appellee's motion to suppress the evidence obtained as a result of an arrest on January 29, 2006, at Geneva-on-the-Lake. In addition to its notice of appeal, appellant filed a motion for leave to appeal under App.R. 5(C). *Page 2 
 {¶ 2} Crim.R. 12(K) governs state appeals where the trial court has granted a motion to suppress evidence. The rule provides, in part, as follows:
 {¶ 3} "When the state takes an appeal as provided by law from an order suppressing or excluding evidence, the prosecuting attorney shall certify that both of the following apply:
 {¶ 4} (1) the appeal is not taken for the purpose of delay;
 {¶ 5} (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.
 {¶ 6} "The appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal under this rule shall be prosecuted diligently. * * *"
 {¶ 7} App.R. 5(C) states, in part, the following:
 {¶ 8} "When leave is sought by the prosecution from the court of appeals to appeal a judgment or order of the trial court, a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the errors that the movant claims occurred in the proceedings of the trial court. * * *"
 {¶ 9} Under R.C. 2945.67, in addition to the right to appeal certain other decisions as noted in the statute, the state can appeal as a matter of right a decision that grants a motion to suppress evidence. The statute also allows for state appeals by *Page 3 
leave of court "any other decision, except the final verdict, of the trial court in a criminal case."
 {para; 10} In applying R.C. 2945.67 and Crim.R. 12(K), the Fourth Appellate District has specifically held that, because an appeal from the granting of a motion to suppress can be taken by the state as a matter of right, the notice for such an appeal must always be filed within seven days of the date of the trial court's decision. See State v. Perry, 4th Dist. No. 04CA33,2005-Ohio-3687. Under this analysis, if the nature of the judgment in a criminal case is such that the state must obtain leave from the appellate court in order to maintain the appeal, the state is given a full thirty days in which to file its notice and the motion for leave. However, if the judgment pertains to the granting of a motion to suppress, the state only has seven days because it will not be necessary for it to establish a good reason for maintaining the appeal.
 {¶ 11} In the present case, a motion for leave is not necessary since appellant is appealing the granting of the appellee's motion to suppress, which can be appealed without leave of court under the statute. Here, it appears that appellant is trying to improperly utilize App.R. 5(C) to file a delayed state appeal when there is no such provision under the appellate rules.
 {¶ 12} Appellant's notice of appeal was due to be filed no later than February 21, 2007, and it was not filed until March 12, 2007.
 {¶ 13} Accordingly, this court lacks jurisdiction to consider its appeal since it is untimely. Therefore, the appeal is hereby dismissed, sua sponte, for appellant's failure *Page 4 
to comply with Crim.R. 12(K).
 {¶ 14} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., concurs,
 DIANE V. GRENDELL, J., concurs in judgment only. *Page 1