OPINION AND JUDGMENT ENTRY
{¶ 1} This matter comes on appeal from a May 13, 2008 judgment of the Common Pleas Court vacating a January 4, 2008 judgment and reentering the same judgment in favor of the Plaintiff in the amount of $54,219.50 plus interest from August 29, 1994. The docket record discloses that the January 4, 2008 judgment entry was not mailed out by the Clerk until January 26, 2008. A copy was not received by defense counsel until February 5, 2008. (Apparently, an incorrect mailing address was on the envelope, delaying its receipt by counsel.)
 {¶ 2} On February 5, 2008, appellant filed a Civ. R. 60(A) motion for relief from judgment, asserting clerical error in failing to timely provide notice of the final judgment as grounds to vacate the judgment. On February 11, 2008, appellant filed a motion for new trial under Civ. R. 59. Thereafter, on May 13, 2008, appellant supplemented his motion for relief from judgment and motion for new trial by citation toState ex rel. Sautter v. Grey, 117 Ohio St.3d 465, 2008-Ohio-1444. As discussed below, Sautter is distinguishable since it involved an appeal to the Ohio Supreme Court from an original action filed in the court of appeals and the rules of appellate procedure are inapplicable in such appeals. Id. at ¶ 18-19.
 {¶ 3} App. R. 4(A) explicitly states:
 {¶ 4} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 5} Clearly, since service of the final judgment was not timely accomplished, the rule permitted appellant until February 25, 2008 to file the notice of appeal to properly and timely invoke this Court's jurisdiction. The trial court incorrectly relies on Sautter, supra, for its vacation of the original judgment. The distinction is that inSautter, the Clerk did not serve notice of the judgment until appellant's counsel made inquiry as to its existence. The Court of Appeals identified that date as the notice date to file an appeal to the Ohio Supreme Court. The Ohio Supreme Court, to which the appeal of an original action was being taken, stressed that its rule of practice required that the appeal to it required a notice of appeal to be filed within 45 days from the entry of the judgment being appealed. The Ohio Supreme Court stated that App. R. 4(A) does not apply to appeals to the Ohio Supreme Court from courts of appeals. *Page 2 
 {¶ 6} Moreover, a motion to vacate judgment may not be used as a substitute for a timely appeal. Bosco v. City of Euclid (1974),38 Ohio App.2d 40.
 {¶ 7} As stated by this Court in Bombardier Capital, Inc. v. W.W.Cycles, Inc. 155 Ohio App.3d 484, 2003-Ohio-6716, ¶ 36
 {¶ 8} "The Ohio Supreme Court has often held `[A Civ. R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *].' Key v. Mitchell (1998), 81 Ohio St.3d 89, 90-91,689 N.E.2d 548; [State ex rel. Durkin v. Ungaro (1988), 81 Ohio St.3d 191,192, 529 N.E.2d 1268]."
 {¶ 9} There is no distinction in the law whether the motion for relief from judgment is filed under Civ. R. 60(A) or (B). The ultimate relief sought is the same regardless of the reason to vacate.
 {¶ 10} From an examination of the record, it is evident that the May 13, 2008 judgment entry merely vacates and then reenters the original judgment of January 4, 2008 which was not mailed to counsel for the parties until January 26, 2008. A Civ. R. 60(B) motion for relief from judgment does not toll the time for filing a notice of appeal required by App. R. 4(A). Gaeta v. City of Cleveland (1988), 39 Ohio St.3d 338.
 {¶ 11} As stated in Shaheen v. Vassilakis (1992), 82 Ohio App.3d 311,316:
 {¶ 12} "The thirty-day limit is tolled only by the filing of the following motions: a Civ. R. 50(B) motion for judgment notwithstanding the verdict; a Civ. R. 59 motion for a new trial; a Civ. R. 53(E)(7) [now 53(E)(4)(c) or Juv. R. 40(E)(4)(c)] motion to vacate; and a Civ. R. 52 motion for findings of fact and conclusions of law."
 {¶ 13} Based on the above case law and application of the appellate rules, we find that appellant has failed to timely invoke the jurisdiction of this Court to review the final judgment entered on January 4, 2008. Appeal sua sponte dismissed as untimely filed. Costs taxed against appellant.
DeGenaro, P.J., concurs.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1