[Cite as *State ex rel. DeWine v. C&D Disposal Technologies*, 2016-Ohio-476.]

STATE OF OHIO, JEFFERSON COUNTY
IN THE COURT OF APPEALS
SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. | ) | CASE NO. 13 JE 38 |
| MICHAEL DeWINE | ) | |
| OHIO ATTORNEY GENERAL | ) | |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| C&D DISPOSAL TECHNOLOGIES, | ) | |
| et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
                                 Pleas of Jefferson County, Ohio
                                 Case No. 99 CV 137

JUDGMENT:                        Reversed.

APPEARANCES:
For Plaintiff-Appellant:         Atty. Michael DeWine
                                 Ohio Attorney General
                                 Atty. Robert A. Eubanks
                                 Atty. Julianna F. Bull
                                 Assistant Attorneys General
                                 Environmental Enforcement Section
                                 30 East Broad Street, 25th Floor
                                 Columbus, Ohio  43215-3400

For Defendant-Appellee:          Atty. Rodney A. Holaday
                                 Atty. Daniel E. Shuey
                                 Atty. Kara M. Singleton
                                 Vorys, Sater, Seymour and Pease LLP
                                 52 East Gay Street, P.O. Box 1008
                                 Columbus, Ohio  43216-1008

JUDGES:
Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                 Dated:  February 8, 2016

WAITE, J.

{¶1} Appellant State of Ohio appeals a November 27, 2013 Jefferson County Common Pleas Court decision to grant a Civ.R. 60(B) motion in favor of Appellee Joseph G. Scugoza. Appellee is managing member of both Crossridge, Inc. ("Crossridge") and C&D Disposal Technologies ("C&D"). The Civ.R. 60(B) motion was the second such motion filed by Appellee in response to the trial court's October 15, 2012 order, which held Appellee, Crossridge, and C&D jointly and severally liable in contempt for violations of a 2003 consent order entered into by the parties as a settlement of a civil enforcement action. The decision on appeal solely involves Appellee and does not affect the underlying judgment against Crossridge and C&D.

{¶2} In this appeal, the state contends that the trial court erred in granting Appellee's successive and untimely Civ.R. 60(B) motion. The state is correct; the remedy available to Appellee was a direct appeal of the trial court's contempt decision, not a successive Civ.R. 60 motion. Accordingly, the state's arguments have merit and the judgment of the trial court is reversed.

<u>Factual and Procedural History</u>

{¶3} Crossridge is a corporation that operated a landfill in Jefferson County. Joseph N. Scugoza, now deceased, was the principle shareholder of Crossridge. In April of 1999, the Ohio Environmental Protection Agency brought an enforcement action against Crossridge and Mr. Scugoza. In May of 2001, the estate of Joseph N. Scugoza was substituted as a party in place of Mr. Scugoza after a suggestion of death was filed. After Mr. Scugoza's death, his son, Appellee, took over as

managing member and principle shareholder of Crossridge. Appellee was also the principle and sole shareholder of C&D.

{¶4} In October of 2003, the parties reached a settlement and entered into a consent order and final judgment ("2003 consent order"). As part of the agreement, the estate of Joseph N. Scugoza was dismissed. In return, C&D consented to become a party defendant and to guarantee Crossridge's compliance with the order and the payment of the applicable civil penalties. The 2003 consent order resolved the environmental enforcement action and enjoined and ordered the parties to comply with its terms. Appellee signed the order as both executor of his father's estate and as the principle of C&D. In October of 2007, the parties entered into an extra-judicial agreement ("2007 extra-judicial agreement"), which partially amended the 2003 consent order.

{¶5} In March of 2011, the state filed contempt charges against Crossridge, C&D, and Appellee individually, for failure to comply with the 2003 consent order. Shortly thereafter, C&D filed a motion to dismiss the charges on the basis that they alleged violations of the 2003 consent order but failed to mention the 2007 extra-judicial agreement. The trial court agreed and dismissed the contempt complaint. The state appealed the trial court's decision in *State ex rel. DeWine v. C&D Disposal Technologies*, 7th Dist. No. 11 JE 19, 2012-Ohio-3005 ("*C&D I*"). On appeal, we reversed the trial court's decision and found that the trial court abused its discretion in dismissing the contempt complaint without first holding a show cause hearing.

**{¶6}** Shortly after our decision, the trial court set the matter for hearing, and sent notice of an October 4, 2012 hearing to all parties. Appellee's notice was sent to his attorney's office. In response, that attorney sent the trial court a notice that he had withdrawn from counsel and that he no longer represented Appellee in the matter. This notice also stated that he had forwarded the court's notice of the hearing date to Appellee. The address of record for Appellee was a business address.

**{¶7}** Appellee failed to attend the contempt hearing. Despite this failure, the trial court considered defenses earlier raised by Appellee in his pre-trial briefs. Following hearing, the trial court entered judgment against Appellee individually, Crossridge, and C&D for $19 million, jointly and severally. Instead of directly appealing the trial court's order, Appellee filed a *pro se* Civ.R. 60(B)(1) motion on behalf of not only himself, but also purporting to represent Crossridge and C&D, on October 24, 2012. Appellee claims that because his business had temporarily closed and no one checked the post office box, he never received notice of the hearing date. Hence, Appellee failed to appear at the contempt hearing. On November 6, 2012, after considering the parties' arguments, the trial court denied the motion and also held that as a nonlawyer, Appellee could not file a motion for or represent Crossridge and C&D. Importantly, Appellee did not appeal the trial court's decision.

**{¶8}** On October 25, 2013, Appellee filed a second and successive Civ.R.60 (B)(1) motion, this time through counsel. During the Civ.R. 60(B) motion hearing, Appellee explained that he failed to file the second motion in a more timely matter

due to his involvement in other legal matters that he and his company faced. At the hearing, the trial court *sua sponte* noted that health issues had been suffered that year by Appellee's counsel. The trial court granted Appellee's motion. In doing so, the court converted the Civ.R. 60(B)(1) motion to a Civ.R. 60(B)(5) motion. The state filed this timely appeal of the trial court's decision.

<u>ASSIGNMENT OF ERROR NO. 1</u>

The trial court erred when it granted Defendants' Motion for Relief from Judgment, filed pursuant to Civ.R. 60(B) without requiring the Defendants to show that their Motion was filed timely.

<u>ASSIGNMENT OF ERROR NO. 2</u>

The trial court erred when it granted Defendants' Motion for Relief from Judgment, filed pursuant to Civ.R. 60(B) because the Defendants failed to assert a meritorious defense or a reason that could not have been raised through an appeal.

**{¶9}** The state contends that the trial court erroneously granted Appellee's October 25, 2013 Civ.R. 60(B) motion to vacate. In response, Appellee argues that the trial court lacked personal jurisdiction to find him in contempt of the 2003 consent order. As such, Appellee argues that the trial court's decision to vacate the judgment against him was based on the court's inherent power to vacate a void judgment and was not truly a decision based on Civ.R. 60(B). As a trial court must have personal jurisdiction over a party to enter a valid judgment against that party, we must first

address Appellee's argument that the trial court lacked personal jurisdiction to find him personally in contempt of the 2003 consent order.

*Personal Jurisdiction*

**{¶10}** Appellee explains that an individual can become a party to an action when that individual is served with the complaint, when the opposing side moves to add the individual as a party, or when the individual makes an appearance in the case. Here, Appellee argues that he was not served, the state did not move to add him as a party, and he never made an appearance in the matter until after the trial court entered judgment. Thus, Appellee argues that the trial court lacked personal jurisdiction to enforce the 2003 consent order against him as an individual.

**{¶11}** In response the state argues that, in addition to the methods listed by Appellee, there is another legal mechanism that provides a trial court with personal jurisdiction against an individual in a contempt proceeding. The state explains that, pursuant to Civ.R. 65(D), a trial court has personal jurisdiction over an individual who was either served with or had actual knowledge of a trial court's order and actively participated in violating such order. The state argues that Appellee signed the 2003 consent order in this case, thus had actual notice of its terms, and actively participated in the violation of the order. As such, the state contends that the trial court had jurisdiction to find Appellee, personally, in contempt of its 2003 consent order.

**{¶12}** A common pleas court has "both inherent and statutory power to punish contempts." *State ex rel. Rogers v. Republic Environmental Sys., Inc.,* 7th Dist. Nos.

23513, 23644, 23723, 2010-Ohio-5523, ¶46, quoting *Burt v. Dodge,* 65 Ohio St.3d 34, 35, 599 N.E.2d 693 (1992). "Under the proper circumstances, courts can find nonparties guilty of contempt." *State ex rel. Rogers* at ¶46, citing *Scarnecchia v. Rebhan,* 7th Dist. No. 05 MA 213, 2006-Ohio-7053, ¶9. Whether a trial court has personal jurisdiction over a defendant is a question of law that is reviewed *de novo. Advantage Bank v. Waldo Pub., LLC,* 3rd Dist. No. 9-08-67, 2009-Ohio-2816, ¶32.

**{¶13}** Pursuant to Civ.R. 65(D), orders of injunctive relief are "binding upon the parties to the action, their officers, agents, servants, employees, attorneys and those persons in active concert in participation with them who receive actual notice of the order whether by personal service or otherwise."

**{¶14}** At least two Ohio appellate districts have addressed the issue of whether a contempt order is valid against a person who has not been made a party to the proceedings. The Third District found that a trial court had jurisdiction over an individual who had not been made a party to the proceedings that formed the basis for a contempt hearing. *Advantage Bank*, *supra*, at ¶32*.* In support of its holding, the Court cited a U.S. Supreme Court decision, which noted:

> A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action, within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt. (Emphasis deleted.)

*Id.*, citing *Wilson v. U.S.,* 221 U.S. 361, 376, 31 S.Ct. 538, 55 L.Ed. 771 (1911). The Court also held that a trial court may not only find a "non-party" in contempt, but may also impose a financial penalty on that party. *Advantage Bank* at ¶48.

**{¶15}** More recently, the Eighth District reviewed the issue in *State ex rel. Petro v. Pure Tech Systems, Inc.,* 8th Dist. No. 101447, 2015-Ohio-1638. Citing Civ.R. 65(D), the court determined that the appellant had complete control over the defendant companies that violated the trial court's order. *Id.* at ¶71. Additionally, the court determined that the appellant, who had signed at least one of the consent orders, had actual knowledge of the court's order. *Id.* Thus, the court found that, pursuant to Civ.R. 65(D), the appellant was liable as an individual for the violations of the corporation. *Id.*

**{¶16}** In an attempt to distinguish the instant case, Appellee notes that in *Advantage Bank*, the trial court pierced the corporate veil before finding the appellant personally liable. He claims that this did not happen, here. His argument in this regard is misleading. While the *Advantage Bank* trial court did specifically pierce the corporate veil, the appellate court reversed the trial court's decision to pierce the corporate veil, but upheld the trial court's exercise of jurisdiction on the basis of Civ.R. 65(D) language.

**{¶17}** At this point, we note that while Appellee is claiming that the court had no "personal jurisdiction," the thrust of his argument is that he could not be subject to "personal liability." In the instant case, as the contempt order stemmed from an injunction, Civ.R. 65(D) applies. The corporate veil need not be pierced pursuant to

Civ.R. 65(D) because the rule specifically provides a court with jurisdiction over a "non-party" when the elements of the rule are satisfied. In accordance with Civ.R. 65(D), a trial court must find that the individual falls within the class of people listed within the rule and that the individual had actual notice of the court order. In addition, caselaw has added a third element: that the individual failed to comply or to ensure compliance with the court's order.

**{¶18}** There is no question in this case that Appellee is the managing member of the corporations bound by the 2003 consent order. Accordingly, he falls within the class of individuals listed in Civ.R. 65(D). The trial court specifically found that he "was the individual with the authority and duty to cause C&D Disposal's and Crossridge Inc.'s compliance with the 2003 Consent Order." (10/15/12 J.E., p. 2.) Based on the trial court's finding, Appellee is the very person who should have ensured compliance. Thus, the only remaining question is whether Appellee had actual knowledge of the 2003 consent order.

**{¶19}** As a court's order is "an 'order' only to the extent of its terms", a person must be familiar with its terms to have actual knowledge. *Midland Steel Products Co. v. UAW Local 486,* 61 Ohio St.3d 121, 126, 573 N.E.2d 98 (1991). This record reflects that Appellee signed the 2003 consent order not only as managing member of C&D, but also as executor of his father's estate. "One of the most celebrated tenets of the law of contracts is that a document should be read before being signed, and the corollary to this rule is that a party to the contract is presumed to have read what he signed." *In re Estate of Gates v. Gates,* 7th Dist. No. 06-CO-60, 2007-Ohio-

5040, ¶48, citing *Hadden Co., LPA v. Del Spina,* 10th Dist. No. 03AP-37, 2003-Ohio-4507, ¶15. Consequently, by signing the 2003 consent order it is clear that Appellee had actual knowledge of its terms.

**{¶20}** We note that the parties entered into an extra-judicial agreement in 2007. However, that agreement did not form the basis of the contempt charges at issue in this matter. Rather, as discussed in *C&D I,* the 2007 extra-judicial agreement was solely used in this matter as an affirmative defense. As such, whether Appellee had actual knowledge of the 2007 extra-judicial agreement is not relevant to this appeal.

**{¶21}** As Appellee was the managing member of the relevant corporations, failed to take action to ensure compliance with the 2003 consent order, and had actual knowledge of the order, pursuant to Civ.R. 65(D) the trial court properly held that he was personally liable in contempt.

*Trial Court Power to Vacate*

**{¶22}** The question Appellee purports to raise must still be addressed: whether the trial court correctly obtained personal jurisdiction over Appellant, who was never actually served and was not named individually as a party in the underlying suit. Appellee claims that the trial court's order in contempt was void, because service was not perfected on him, individually. It appears that Appellee, to the extent he now raises this issue, is too late to do so.

**{¶23}** In his April 1, 2011 response to the contempt charges, Appellee sought dismissal based, in part, on the argument that the court failed to obtain personal

jurisdiction over him because he was never served pursuant to Civ.R. 4. He argued that the state could not merely add his name to the case caption as a party defendant and treat him as such without actually making him a party to the case. In reply, the state contended that the contempt charges were filed pursuant to R.C. 2705.03 and all defendants were afforded an opportunity to be heard, so that the court need not issue additional process to the defendants. Hence, the actual issue of personal jurisdiction was clearly raised in the trial court at that time.

**{¶24}** The matter was also fully litigated by the trial court. On October 15, 2012, the court issued judgment against all defendants, including Appellee. In so doing, the court necessarily overruled Appellee's motion to dismiss for lack of personal jurisdiction. It is well-settled in Ohio that a court implicitly overrules any pending motions on entering judgment in a given matter. See *State v. Kemp*, 7th Dist. No. 04 MA 54, 2005-Ohio-2115, ¶105. Hence, this record reflects that the trial court considered and overruled the issue. As such, Appellee's only recourse was a direct appeal of this ruling. Instead, however, Appellee filed only a motion pursuant to Civ.R. 60(B), which does not toll the time for filing an appeal. *Annichenni v. Zdrilich*, 7th Dist. No. 08 MA 119, 2008-Ohio-4805, ¶10, citing *Gaeta v. City of Cleveland*, 39 Ohio St.3d 338, 338, 530 N.E.2d 1316 (1988).

**{¶25}** It is also apparent that Appellee, although he raises the issue in this appeal (again, actually arguing personal liability and not technically jurisdiction), never raised this issue in either 60(B) motion, including the motion now before us on appeal. Failure to appeal timely and properly raise this issue precludes relief at this

point. See *Heller v. Pre-Paid Legal Servs., Inc.*, 9th Dist. No. 26376, 2013-Ohio-680, ¶16 ("As no party below raised the issue of personal jurisdiction, and the trial court did not consider it, this Court is precluded from considering the issue for the first time on appeal."); *Derico v. Schimoler*, 8th Dist. No. 94935, 2011-Ohio-615, ¶23 ("Appellant did not raise the issue of personal jurisdiction in his motion for relief from judgment in the trial court. Unlike subject matter jurisdiction, a party may not raise the issue of personal jurisdiction for the first time on appeal.") Thus, while the trial court litigated the issue in its underlying contempt order, that order was not appealed. The issue was never raised in the second Civ.R. 60(B) motion, which is the only order properly on appeal to this Court. The matter is *res judicata*.

**{¶26}** While Appellee has alleged that lack of personal jurisdiction renders the underlying contempt order void, even an allegedly void judgment is subject to the principles of *res judicata* in these circumstances. After litigation of a personal jurisdiction question, the trial court's determination that it has personal jurisdiction is not subject to collateral attack, even though Appellee filed no direct appeal. *Emig v. Massau*, 140 Ohio App.3d 119, 124, 746 N.E.2d 707 (10th Dist.2000) (disallowing argument that foreign judgment was void for lack of personal jurisdiction), citing *Sherrer v. Sherrer*, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948) (for the proposition that due process does not require that a party be afforded a second opportunity to litigate jurisdictional facts in a collateral attack). Based on this, the actual question of personal jurisdiction is *res judicata* in this case.

**{¶27}** Addressing the merits of the case on appeal, the state contends that the trial court erred in vacating its October 15, 2012 contempt order against Appellee as he failed to meet the requirements of Civ.R. 60(B). Although the trial court determined that Civ.R. 60(B)(5) applied in this case, the state argues that both of Appellee's motions were brought pursuant to Civ.R. 60(B)(1). The state additionally contends that both motions were based on Appellee's claim that he did not receive notice of the hearing, which more appropriately falls within Civ.R. 60(B)(1), excusable neglect. Thus, the state asserts that Appellee had one year after the judgment to file his motion.

**{¶28}** Despite this time limitation, Appellee filed his second motion, the one at issue here, more than one year after both the original judgment and the trial court's denial of his first motion. Not only does the trial court's decision violate the one-year limit under Civ.R. 60(B)(1), the state argues that it also does not meet the reasonable time limit pursuant to Civ.R. 60(B). The state also claims that a trial court cannot convert a Civ.R. 60(B)(1) motion into a Civ.R. 60(B)(5) motion in order to avoid the time constraints, as the trial court did in this case.

**{¶29}** Lastly, the state argues that Appellee had already raised each of the defenses contained within his Civ.R.60(B) motions. The trial court had specifically considered each of his defenses before issuing the contempt order against Appellee and rejected each argument. The state urges that if Appellee disagreed with the trial court's decision, the only appropriate remedy was to file an appeal. It was wholly inappropriate for Appellee to instead rely on successive Civ.R. 60(B) motions.

**{¶30}** Appellee's response is that the judgment against him is void as the trial court never had personal jurisdiction over him and that the judgment was vacated through the trial court's inherent power to vacate void judgments, not through Civ.R. 60(B). Appellee claims that he was never served with a complaint, was not properly made a party to the proceedings and that he never made an appearance in this matter. Even if we find that Civ.R 60(B)(1) does not apply, Appellee argues that the trial court did not abuse its discretion in vacating the judgment under Civ.R. 60(B)(5) as this case presents unusual and extraordinary facts.

**{¶31}** Before addressing the arguments raised by the parties, we must first review each of Appellee's Civ.R. 60(B) motions. On October 24, 2012, Appellee filed a *pro se* Civ.R. 60(B)(1) motion on behalf of himself, Crossridge, and C&D. As to the first element, meritorious defenses, Appellee raised lack of notice of the contempt hearing. In his first motion, Appellee acknowledged that his former counsel had received notice of the hearing and had previously filed a notice of withdrawal of counsel with the trial court. Appellee acknowledges that his former counsel sent him a copy of the hearing notice on July 2, 2012. However, he claims that he did not pick up his mail and so, did not receive this notice. These facts amount to mistake, inadvertence, surprise, or excusable neglect in Appellant's opinion.

**{¶32}** On November 6, 2012, the trial court denied Appellee's 60(B) motion after considering the parties' arguments. The trial court additionally noted that Appellee is not a lawyer, and so was prevented from filing any motions on behalf of

Crossridge and C&D. Again, it is important to state that Appellee did not appeal the trial court's decision.

{¶33} Despite the fact that he obtained new counsel in January of 2013, Appellee waited until October 25, 2013 to file a second, successive Civ.R. 60(B) motion in this matter. Within the motion, Appellee raised the same lack of hearing notice in defense and also argued that he could not be individually held personally liable in this matter unless the trial court first made a finding to pierce the corporate veil. This was the same defense that he earlier had included in his pretrial motions. After holding a Civ.R. 60(B) hearing, the trial court granted Appellee's second motion and vacated its October 15, 2012 contempt order against Appellee. The court noted that its decision did not affect the judgment against either Crossridge or C&D.

{¶34} Appellee claims that the trial court "invited" him to file a second motion after it denied the October 24, 2012 motion on procedural grounds. However, there are two problems with this argument. First, the trial court's judgment entry specifically states that it denied the motion after considering the parties' arguments and *further found* that Appellee could not bring a motion on behalf of Crossridge and C&D because he is not a lawyer. It is apparent from the trial court's language that it addressed the merits of Appellee's arguments and did not dismiss the motion solely on the basis that Appellee attempted to file on behalf of the corporations as a nonlawyer. Second, there is no language within the judgment entry that can be said to "invite" a second motion.

**{¶35}** The record clearly demonstrates that both Appellee's October 24, 2012 motion and October 25, 2013 motion were brought pursuant to Civ.R. 60(B)(1) and essentially raise the same arguments. Consequently, they are successive motions. More importantly, the record reflects that if Appellee disagreed with the trial court's determination of his first 60(B) motion, his remedy was not to file a successive motion, it was by filing a direct appeal of the denial of that first motion.

**{¶36}** The doctrine of *res judicata* "prevents the successive filings of Civ.R. 60(B) motions [for] relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could not have been raised in the prior motion." *Harris v. Anderson,* 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶8, citing *Beck-Durell Creative Dept., Inc. v. Imaging Power, Inc.,* 10th Dist. No. 02AP-281, 2002-Ohio-5908, ¶25.

**{¶37}** The record reflects that each defense raised by Appellee in his October 25, 2013 motion was raised or should have been raised in his October 24, 2012 motion. The lack of notice defense was raised within the October 24, 2012 motion, and is clearly barred by *res judicata*. Even if we were to accept Appellee's argument that the trial court invited him to file a second motion, both his lack of notice and corporate veil defenses were raised in pretrial motions and were discussed at the underlying contempt hearing. Thus, these defenses could have been raised in the October 24, 2012 motion. These too, and are now barred by *res judicata*. Not only does Appellee not properly allege or argue excusable neglect, there is nothing in this

record to allow us to find that excusable neglect prevented Appellee from filing a direct appeal of the trial court's denial of his first 60(B) motion.

{¶38} Accordingly, the trial court erred in granting Appellee's October 25, 2013 Civ.R. 60(B) motion. The state's arguments have merit and the judgment of the trial court is reversed.

## Conclusion

{¶39} The state argues that the trial court erred in granting Appellee's successive Civ.R. 60(B) motion as the issues were earlier raised before the trial court and Appellee failed to file a direct appeal of the court's first 60(B) decision. The trial court properly found Appellee to be personally liable, here. Appellee did not properly challenge the decision as to personal jurisdiction by means of a direct appeal and cannot collaterally attack a jurisdictional question. The issues raised within Appellee's second 60(B) motion either were or could have been raised within his first motion. As Appellee also did not appeal the trial court's decision on the first 60(B) motion, *res judicata* bars him from raising those arguments a second time. Accordingly, the judgment of the trial court is hereby reversed.

DeGenaro, J., concurs.

Robb, J., concurs.