[Cite as *State v. Demichael*, 2024-Ohio-4756.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellant,

- vs -

JOSEPH P. DEMICHAEL, III,

        Defendant-Appellee.

CASE NO. 2024-T-0063

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2024 CR 00161

**M E M O R A N D U M**
**O P I N I O N**

Decided: September 30, 2024
Judgment: Appeal dismissed

*Dennis Watkins*, Trumbull County Prosecutor, and *Gabriel M. Wildman* and *Ryan J. Sanders*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellant).

*Elizabeth Miller*, Ohio Public Defender, and *Katherine Ross-Kinzie*, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellee).

MATT LYNCH, J.

{¶1} On August 5, 2024, appellant, the State of Ohio, filed a notice of appeal and motion for leave to appeal pursuant to App.R. 5(C). Appellee, Joseph P. Demichael, III, filed a response to the State's motion for leave on September 5, 2024. The State seeks to appeal from the trial court's July 16, 2024 judgment entry granting appellee's motion to suppress evidence obtained during a traffic stop.

**{¶2}** In its motion for leave, the State indicates that it did not receive notice of the July 16, 2024 entry until July 23, 2024, and is arguing that it should be granted leave to appeal under App.R. 5(C). Counsel for appellee submits in the response to the State's motion, that the July 16, 2024 entry was e-mailed to counsel for appellee and the State on July 23, 2024. Although the entry was received by the State on July 23, 2024, the appeal was not filed until August 5, 2024, thirteen days after the State received notice of the entry.

**{¶3}** R.C. 2945.67(A) and Crim.R. 12(K) establish the limited right and govern the procedure for the State to appeal from an entry granting a motion to suppress evidence. *State v. Bassham*, 94 Ohio St.3d 269, 271 (2002).

**{¶4}** Pursuant to R.C. 2945.67(A), "[a] prosecuting attorney . . . may appeal as a matter of right any decision of a trial court in a criminal case . . . which decision grants . . . a motion to suppress evidence . . . ."

**{¶5}** Crim.R. 12(K) provides, in relevant part:

**{¶6}** "When the state takes an appeal as provided by law from an order suppressing or excluding evidence . . . the prosecuting attorney shall certify that both of the following apply: (1) the appeal is not taken for the purpose of delay; (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed . . . ."

**{¶7}** The rule further provides that "[t]he appeal from an order suppressing or excluding evidence shall not be allowed unless the notice of appeal and the certification

2

by the prosecuting attorney are filed with the clerk of the trial court within seven days after the date of the entry of the judgment or order granting the motion."

{¶8} Here, the state is trying to utilize App.R. 5(C) to file a delayed appeal. Because an appeal from the granting of a motion to suppress can be taken by the State as a matter of right pursuant to R.C. 2945.67(A), a motion for leave is not proper since there is no such provision under the appellate rules. *State v. Coffman*, 2007-Ohio-3384, ¶ 11 (11th Dist.). In accordance with Crim.R. 12(K), a notice for such an appeal must be filed within seven days of the date of the trial court's decision. *Id.* at ¶ 10; *see also State v. Charette*, 2012-Ohio-5937 (11th Dist.).

{¶9} In this matter, the entry being appealed was dated July 16, 2024, making the State's notice of appeal due by July 23, 2024. The notice of appeal was not filed until August 5, 2024.

{¶10} Therefore, this court lacks jurisdiction to consider this appeal because it is untimely. Appellant's motion for leave is hereby overruled, and the appeal is dismissed.


EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

3

Case No. 2024-T-0063