[Cite as *Deutsche Bank Natl. Trust Co. v. Knox*, 2010-Ohio-3277.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 09-BE-4 |
| VS. | ) | |
| | ) | OPINION |
| KENNETH KNOX, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Court of Common
                             Pleas of Belmont County, Ohio
                             Case No. 06CV0086

JUDGMENT:                    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee        Attorney Rosemary Taft Milby
                             Attorney Matthew G. Burg
                             Lakeside Place, Suite 200
                             323 West Lakeside Avenue
                             Cleveland, Ohio 44113

For Defendants-Appellants     Attorney Thomas M. Ryncarz
                             3713 Central Avenue
                             Shadyside, Ohio 43947

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                             Dated: July 9, 2010

DONOFRIO, J.

{¶1} Defendants-appellants, Kenneth and Pamela Knox, appeal from Belmont County Common Pleas Court judgments granting summary judgment in favor of plaintiff-appellee, Deutsche Bank National Trust Company, on appellee's foreclosure complaint and overruling appellants' motion to set aside the summary judgment.

{¶2} On March 2, 2006, appellee filed a foreclosure action against appellants alleging they had defaulted on their home loan.

{¶3} Appellee next filed a motion for summary judgment. It first alleged that appellants were barred from raising the defective legal description contained in the mortgage as a defense under the doctrine of res judicata. It further asserted that per the terms of the promissory note and mortgage, because appellants breached the terms of the note by non-payment, it was entitled to accelerate the balance due. It finally alleged that although the parties had entered into a forbearance agreement, appellants breached that agreement when they failed to make timely payments.

{¶4} Appellants responded arguing that summary judgment was not proper because res judicata did not apply in this case and that equity dictated that the forbearance agreement remain in effect because it was appellee, not appellants, who first breached the forbearance agreement. They also requested a hearing on the motion.

{¶5} The trial court granted appellee's summary judgment motion and entered a foreclosure decree on February 8, 2007. It found that no genuine issues of material fact existed and appellee was entitled to judgment as a matter of law.

{¶6} On August 13, 2007, appellants filed a motion to set aside the court's judgment. They alleged that the trial court ruled on the summary judgment motion without holding a hearing on the motion as they had requested. They further alleged that while the order of sale went on record on February 27, 2007, neither the summary judgment entry nor the order of sale was ever served on them or their counsel. Appellants claimed that they did not learn of the court's ruling until August 7, 2007, when a neighbor told them about it and that they then informed their

counsel. Appellants requested that the court's judgment and order of sale be set aside and the matter set for a hearing.

{¶7} Subsequently, on October 10, 2007, the parties agreed to stay the sale of the real estate. The court ordered the parties to confer regarding resolution of this matter and to report back to the court in 30 days to determine if a hearing was necessary.

{¶8} The next entry from the court was not until over a year later, November 17, 2008. Here the court stated that it reviewed its previous entry, determined that the parties were unable to resolve the matter, and scheduled appellants' motion to set aside judgment for an evidentiary hearing.

{¶9} The court held the hearing on January 5, 2009. It subsequently overruled appellants' motion to set aside the summary judgment against them, lifted the stay, and ordered appellee to proceed with an order of sale.

{¶10} Appellants filed a single notice of appeal on February 12, 2009, from both the summary judgment entry and the judgment overruling their motion to set aside the summary judgment.

{¶11} The trial court issued a stay of its order pending this appeal.

{¶12} Appellants raise two assignments of error, the first of which states:

{¶13} "THE TRIAL COURT COMMITTED ERROR IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY JUDGMENT."

{¶14} Here appellants attack the affidavits that appellee attached to its motion for summary judgment. They contend that the individuals who signed the affidavits could not have had personal knowledge of the matters to which they averred. Appellants also contend that appellee attached improper summary judgment evidence to its motion.

{¶15} The trial court entered its summary judgment/foreclosure decree on February 8, 2007. The judgment indicates that it was "submitted" to appellants' counsel. Additionally, the docket reflects on February 8, 2007, "Copies served on Attorney and parties of record." Appellants claim that they did not receive notice of

the judgment until August 2007.

**{¶16}** A party shall file their notice of appeal within 30 days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the required three day period.  App.R. 4(A).

**{¶17}** "Timely filing of a notice of appeal from the final judgment or order complained of is necessary to confer the appellate jurisdiction of a court of appeals to review any error the judgment or order involves."  *Miller v. Smith*, 2d Dist. No. 19958, at ¶19 citing *Richards v. Industrial Commission* (1955), 163 Ohio St. 439.  A Civ.R. 60(B) motion for relief from judgment is not a substitute for a timely appeal. *Annichenni v. Zdrilich*, 7th Dist. No. 08-MA-119, 2008-Ohio-4805, at ¶¶6-9.  And Civ.R. 60(B) cannot be used in order to circumvent App.R. 4(A), which establishes an appeal period of 30 days.  *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, at paragraph two of the syllabus.

**{¶18}** This court does not have jurisdiction over this issue.  The docket clearly indicates that the judgment was served on the attorneys and the parties on February 8, 2007.  Even if we accept appellants' assertion that they did not receive notice of the summary judgment until August 2007, that does not explain why appellants failed to file an appeal from the summary judgment at that time.  The fact remains that appellants did not file a notice of appeal until two years after the trial court granted summary judgment and at least a year and a half after they received the judgment entry.

**{¶19}** Accordingly, appellants' first assignment of error is without merit.

**{¶20}** Appellants' second assignment of error states:

**{¶21}** "THE TRIAL COURT COMMITTED ERROR IN OVERRULING THE APPELLANTS' MOTION TO SET ASIDE THE SUMMARY JUDGMENT ENTRY."

**{¶22}** Appellants filed a motion to set aside default judgment on August 13, 2007. However, the trial court did not grant a default judgment against appellants. Instead, the trial court granted appellee's motion for summary judgment.  The trial

court recognized this. Therefore, it properly characterized appellants' motion as a motion to set aside the summary judgment.

**{¶23}** Appellants argue in this assignment of error that the trial court should have granted their Civ.R. 60(B) motion to set aside the judgment. They contend that they have several meritorious defenses to present: (1) the trial court considered improper summary judgment evidence; (2) appellants denied breaching the forbearance agreement; and (3) appellants asserted in their answer that appellee breached the forbearance agreement. Appellants further argue that neither they nor their counsel learned of the summary judgment until six months after it was issued. Finally, they argue that their Civ.R. 60(B) motion was timely filed.

**{¶24}** The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.* (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus:

**{¶25}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

**{¶26}** The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.,* 9th Dist. No. 21703, 2004-Ohio-2122, at ¶9. Abuse of discretion connotes more than an error in judgment; it implies that the trial court's judgment is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶27}** The first *GTE* element is satisfied if the party requesting a Civ.R. 60(B) motion alleges a meritorious claim or defense if relief is granted. The moving party does not have to prove that he will prevail on that claim or defense. *Syphard v. Vrable* (2001), 141 Ohio App.3d 460, 463. But he must present operative facts with

enough specificity that the trial court can determine whether he has met that test. Id.

**{¶28}** Appellants' actual motion to set aside judgment fails to satisfy the first *GTE* requirement. Their motion does not allege any claim or defense. They do not set forth any facts that would aid the court in determining whether they had a meritorious claim or defense. The motion simply sets out the relevant history. It then asserts that the court's entry granting summary judgment and ordering foreclosure was never served on them or their counsel and that they did not learn of the court's judgment until a neighbor told them of it in August 2007.

**{¶29}** It was not until the oral hearing on their motion that appellants asserted any type of defense. (Motion hearing Tr. 20-30). This is where, for the first time other than in their initial answer to the complaint, appellants argued that appellee breached the forbearance agreement and would not accept their payments. The court entertained appellants' argument. (Motion hearing Tr. 20-30).

**{¶30}** The trial court considered appellants' argument that it was appellee who first breached the forbearance agreement and not appellants who first breached it. Because the court considered appellants' argument even though they failed to raise this defense in their motion for relief from judgment, we too will consider it as an allegation of a meritorious defense as contemplated by *GTE*.

**{¶31}** But nowhere prior to their appellate brief do appellants raise the defense that appellee attached improper summary judgment affidavits to its motion for summary judgment. Accordingly, we must disregard that argument for purposes of this appeal. A party may not raise an issue for the first time on appeal. *Litva v. Richmond*, 172 Ohio App.3d 349, 2007-Ohio-3499, at ¶18.

**{¶32}** If appellee indeed breached the forbearance agreement before appellants, this would be a meritorious defense to the foreclosure action. Thus, appellants met the first *GTE* element.

**{¶33}** The second element of the *GTE* test requires that the moving party be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). The grounds for relief under the second *GTE* element are:

**{¶34}** "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Civ.R. 60(B).

**{¶35}** In their motion, appellants did not specifically allege that they were entitled to relief under any of the grounds set out in Civ.R. 60(B)(1) through (5). Further, they did not make any allegations that would fall under Civ.R. 60(B)(1) through (4). Their only allegation was that they never received notice of the summary judgment entry and order of sale.

**{¶36}** The fact that appellants may not have received notice of the court's entry granting summary judgment would not change the facts that caused the court to grant summary judgment in the first place. Appellants did receive appellee's motion for summary judgment. That is clear because they filed a response to appellee's motion. They also requested a hearing in their response.

**{¶37}** But an important fact was brought out at the hearing on appellants' Civ.R. 60(B) motion. The trial court did not see or read appellants' response to the motion for summary judgment or request for hearing until after it had already granted summary judgment to appellee. At the beginning of the hearing, the trial court judge noted that this case was not originally assigned to him but instead it was transferred to him from another judge. (Jan. 2009 Tr. 2). The court then stated: "[T]he answer to the motion for summary judgment was filed on November 13, 2006. So I should have seen it, but I didn't." (Jan. 2009 Tr. 3).

**{¶38}** Thus, at the time it granted summary judgment, the trial court was not aware of the facts that appellants alleged in their response to the summary judgment motion and it was not aware that appellants had requested a hearing on the motion.

For this reason, the court then allowed appellants to present any evidence and arguments they had against the award of summary judgment. The court listened while appellants and appellee presented arguments.

{¶39} The hearing ended when the court had to stop it in order to proceed with another matter. (Jan. 2009 Tr. 32). The court stated that after it dealt with its other matter, it would resume the hearing so that appellants could present testimony and evidence. (Jan. 2009 Tr. 32-33). However, it appears the hearing never resumed. (Jan. 2009 Tr. 33). There is no indication on the record why the hearing never reconvened.

{¶40} Given the puzzling course of action this case took (i.e., summary judgment without reading/considering appellants' response or request for hearing, hearing on the matter that was set to resume for evidence but never did), appellants are entitled to relief from the summary judgment entry. While this is not a model Civ.R. 60(B) case, fairness dictates that the trial court should have granted appellants' motion for relief from judgment and started anew at the summary judgment stage of the proceedings.

{¶41} When a party is denied the opportunity to respond to a summary judgment motion, his right of due process in infringed upon. See *State v. Dunbar* (March 26, 2001), 5th Dist. No. 2000CA00334; *State v. Pless* (1993), 91 Ohio App.3d 197. In essence, that is what happened here. Although appellants responded to appellee's summary judgment motion, the court did not see the response before granting summary judgment. When the court realized this, it decided to hold a hearing so that appellants could present their arguments/evidence in opposition to summary judgment. However, the hearing was interrupted and, from what we can tell from the record, it never resumed.

{¶42} Thus, under Civ.R. 60(B)(5), any other reasons justifying relief from judgment, appellants have met the second *GTE* requirement.

{¶43} As to the third *GTE* requirement, appellants' motion for relief from judgment was timely. They filed their motion on August 13, 2007. This was just days

after they learned of the court's grant of summary judgment and six months after the court's judgment entry.

{¶44} Accordingly, appellants' second assignment of error has merit.

{¶45} For the reasons stated above, the trial court's judgment denying appellants' Civ.R. 60(B) motion is hereby reversed. Consequently, the summary judgment order is vacated pursuant to law and consistent with this opinion. Cause remanded for further proceedings.

Vukovich, P.J., concurs.

DeGenaro, J., dissents with attached dissenting opinion.

DeGenaro, J., dissenting.

{¶46} I must respectfully dissent from the majority's decision to reverse the trial court's judgment entry denying appellants' Civ.R. 60(B) motion. Appellants have failed to meet two of the three *GTE* elements, which precludes relief from judgment. Moreover, the error raised by the majority was harmless error, not a manifest miscarriage of justice rising to the level of plain error.

{¶47} Errors not specifically raised and argued in the parties' briefs are considered waived for purposes of appeal. App.R. 12(A). And although a court of appeals has the discretion to recognize plain error in the event of waiver, it is rarely exercised in civil cases. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 1997-Ohio-401, 679 N.E.2d 1099, at syllabus. Plain error should only be applied in civil cases pursuant to extremely unusual circumstances where the error, if left uncorrected, would have a material adverse effect on the character of and public confidence in judicial proceedings. Id. at 121. Moreover, a reviewing court should refrain from recognizing errors that were

not argued on appeal, as "[t]he premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them." *Carducci v. Regan* (C.A.D.C.1983), 714 F.2d 171, 177.

**{¶48}** As the majority recognizes, appellants' motion for relief from judgment failed to satisfy two of the three *GTE* elements: 1) it failed to allege a meritorious claim/defense as well as operative facts setting forth that claim/defense; and 2) it failed to identify which of the grounds for relief set forth in Civ.R. 60(B)(1) through (5) they were proceeding under and the attendant supporting allegations. Thus, the trial court did not abuse its discretion by denying appellants relief from judgment.

**{¶49}** However, the majority concludes that because the trial court stated that it had not considered appellants' response in opposition to appellee's summary judgment motion when it entered summary judgment in favor of appellee, this omission was analogous to denying appellants the opportunity to respond to the appellee's summary judgment motion, reasoning that this infringed upon appellants' due process rights and thus appellants were entitled to relief under Civ.R. 60(B)(5).

**{¶50}** Because appellants did not assert this issue, appellants have waived the error for appeal. Moreover, the error that the majority has found does not constitute a manifest miscarriage of justice. In fact, even if appellants had properly preserved the issue for appeal, any error by the trial court was harmless.

**{¶51}** As explained in *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264, a party moving for summary judgment has the initial burden under Civ.R. 56(C) of showing that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. If the moving party satisfies this burden, the burden shifts to the non-moving party. Id. at 293. Under its reciprocal burden, the non-moving party cannot rest upon mere allegations or denials, and must provide proof as provided in Civ.R. 56(E) that a genuine issue for trial does exist. Id. Summary judgment is appropriate if the nonmoving party fails to satisfy its reciprocal burden. Id.

{¶52} In appellee's motion for summary judgment, it attached evidentiary materials demonstrating that appellants breached the forbearance agreement by untimely payment. In their response in opposition to summary judgment, appellants provided no evidentiary materials whatsoever, and rested upon the mere allegation that it was instead appellee that breached the agreement. This clearly did not satisfy appellants' reciprocal *Dresher* burden under Civ.R. 56(E). Therefore, even if the trial court had received and read appellants' response, summary judgment in favor of appellee would have been appropriate. Thus the error is harmless.

{¶53} The majority also suggests that appellants might have been able to provide support for response in opposition to summary judgment had the trial court reconvened the hearing. Again, appellants neither raised this as error nor presented a statement pursuant to App.R. 9(C) or App.R. 9(D) explaining why the hearing did not reconvene. In the absence of an adequate record, we must presume the validity of the lower court's proceedings and affirm. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 15 O.O.3d 218, 400 N.E.2d 384.

{¶54} Based on the foregoing, I would affirm the judgment of the trial court.