[Cite as *Deutsche Bank Natl. Trust Co. v. Knox*, 2011-Ohio-421.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., | ) | |
| | ) | |
| | ) | CASE NO. 09-BE-4 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | OPINION |
| VS. | ) | |
| | ) | |
| KENNETH KNOX, ET AL., | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS. | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reconsideration

JUDGMENT:     Granted
Opinion and Judgment Entry of July 9, 2010 vacated.
Judgment affirmed.

APPEARANCES:
For Plaintiff-Appellee     Attorney Matthew G. Burg
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, Ohio 44113

For Defendant-Appellant     Attorney Thomas M. Ryncarz
3713 Central Avenue
Shadyside, Ohio 43947

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: January 24, 2011

DONOFRIO, J.:

{¶1} Plaintiff-appellee, Deutsche Bank National Trust Company, has filed a motion pursuant to App.R. 26 asking this court to reconsider our decision and judgment entry in which we reversed and remanded the decision of the Belmont County Common Pleas Court. See *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. No. 09-BE-4, 2010-Ohio-3277.

{¶2} App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered. *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 143. The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. Id. An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens* (1996), 112 Ohio App.3d 334, 336. Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. Id.

{¶3} Initially, we must address the timeliness of appellee's motion. App.R. 26 sets a ten-day time limit for filing such a motion. App.R. 26(A). This Court's decision was filed by the Court with the clerk and announced on July 9, 2010. Thus, appellee should have filed its motion by Monday July 19, 2010. Appellee did not file the motion until Wednesday July 21, 2010. Yet even though appellee's motion was late, we may still consider it. This court has held that a motion for reconsideration can be entertained even though it was filed beyond the ten-day limit if the motion raises an issue of sufficient importance to warrant entertaining it beyond the time limit. *State v. Boone* (1996), 114 Ohio App.3d 275, 277. In this case, we find that appellee's motion raises an issue of sufficient importance so as to warrant its consideration.

**{¶4}** Furthermore, App.R. 26 is not jurisdictional. *Chandler v. C& A Hickman and Sons, Inc.* (July 18, 1996), 4th Dist. No. 94CA12. App.R. 14(B) provides as much, stating:

**{¶5}** "For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App.R. 25. *Enlargement of time to file an application for reconsideration \*\*\* shall not be granted except on a showing of extraordinary circumstances.*" (Emphasis added.)

**{¶6}** Thus, App.R. 14(B) gives this court jurisdiction to enlarge the time to file an application for reconsideration.

**{¶7}** In addition to its motion for reconsideration, appellee filed a motion for leave to correct, modify, or supplement the record. In this motion, appellee asks the Court to add to the record on appeal a supplemental transcript of proceedings. It contends that this supplemental transcript supports its argument. Appellee states that the transcript was ordered, and due to a clerical mistake, this portion of the transcript was not included in the record on appeal. The supplemental transcript contains a note from the court reporter explaining:

**{¶8}** "Upon further examination of the court reporter's record of this date, the reopened portion of this hearing was contained in a separate file. The following is the remaining proceeding held in this case on January 5, 2009."

**{¶9}** The Ohio Supreme Court has held that in this unique type of situation where there was an accidental omission of part of a transcript, reconsideration should be allowed in light of the accidentally omitted transcript portion. *Reichert v. Ingersoll* (1985), 18 Ohio St.3d 220, 222-23. The Court emphasized the policy of settling cases on their merits and App.R. 9(E), which provides that an appellate court may direct the correction of an omission in the record. Id. Thus, we will allow appellee to supplement the record on appeal with the accidentally omitted portion of the transcript.

{¶10} In reaching our decision reversing and remanding the trial court's judgment, we relied in large part on the fact that there was no evidence that the trial court continued the hearing in question when it had said that it was going to do so. *Deutsche Bank Natl. Trust Co.,* 7th Dist. No. 09-BE-4, at ¶¶39-41. We also relied on the fact that the trial court granted appellee summary judgment without considering appellants' response. Id. We held that because the trial court rendered summary judgment without reading/considering appellants' response or request for hearing *and* because the trial court started a hearing and never resumed it, appellants were entitled to relief from the judgment of foreclosure. Had the supplemental transcript been contained in the original record, we would have reached the opposite conclusion.

{¶11} The supplemental transcript reveals that the court did in fact continue with the hearing. (Supp. Tr. 2). Further, the court heard testimony from appellant Pamela Knox. (Supp. Tr. 3-8). And before listening to Knox's testimony, the court explained to appellants' counsel:

{¶12} "We're on your [appellants'] motion to set aside the judgment. You're introducing evidence on that motion, but it affects the Motion For Summary Judgment, which was originally filed in the case, and which this court signed inadvertently without noting that you had filed a response to the Motion For Summary Judgment. And what I'm saying to you is this: I know that I didn't have to give you an oral hearing on this, but I am granting the oral hearing, because of the inadvertence of the Court, and also because of the fact that this case has lasted for over a year, because the Court felt that it wanted to bring the parties together to try to resolve the claim. So I'm giving the defendants every opportunity to present whatever information they can present." (Supp. Tr. 2-3).

{¶13} Thus, the supplemental transcript reveals that (1) the trial court did proceed with the hearing as it stated it would and (2) that the court was willing to reconsider its grant of summary judgment and listen to any evidence appellants had

to offer. Had the supplemental transcript been included in the original record on appeal, this Court would have affirmed the trial court's judgment at that time.

**{¶14}** Based on the above, we grant appellee's motion to correct and supplement the record. We further grant appellee's application for reconsideration and vacate our July 9, 2010, Opinion and Judgment Entry which reversed and remanded the matter to the trial court. Instead, we enter an Opinion and Judgment Entry affirming the trial court's decision.

Vukovich, .J., concurs.
DeGenaro, J., dissents with attached dissenting opinion.

DeGenaro, J., dissenting:

**{¶15}** I must respectfully dissent from my colleagues' decision to grant reconsideration in this case. The authority relied upon by the majority to support exercising jurisdiction over Appellee's untimely application for reconsideration is no longer good law in light of a decision by the Ohio Supreme Court issued three months prior to *Boone* concluding that an untimely application for reconsideration must be denied.

**{¶16}** In *Martin v. Roeder* (1996) 75 Ohio St.3d 603, 665 N.E.2d 196, after summary judgment against the plaintiff had been affirmed by the Court of Appeals and an appeal had not been allowed by the Supreme Court, the plaintiff filed a motion for relief from judgment in the Court of Appeals which was denied. The Supreme Court held that the rule dealing with seeking relief from a trial court judgment was clearly inapplicable to an appellate court's judgment on appeal, and could not be used to circumvent the time limit set by App.R. 26 for reconsideration of an appellate judgment:

**{¶17}** "[U]nder the Appellate Rules, application for reconsideration of any judgment submitted on appeal must be filed within ten days after filing of the judgment or announcement of the court's decision, whichever is later. App.R. 26(A). Therefore, even if Martin's motion could have been construed as an application for

reconsideration, it would have been untimely." Id. at 604.

**{¶18}** Further, this Court has previously cited to *Martin* when denying untimely applications for reconsideration:

**{¶19}** "App.R. 26(A) requires that an application for reconsideration must be filed within ten days after the announcement of the court's decision. Hess's request was not filed until ten weeks after our opinion in his case was released. An untimely application for reconsideration must be denied. *Martin v. Roeder* (1996), 75 Ohio St.3d 603, 665 N.E.2d 196." *State v. Hess*, 7th Dist. No. 02 JE 36, 2004-Ohio-1197, at ¶4. See also, *Scott v. Falcon Transport Co.*, 7th Dist. No. 02 CA 145, 2004-Ohio-389, at ¶2 ("Appellees request for reconsideration of our decision denying their motion for sanctions was filed more than ten days after our opinion was filed, and if they were seeking leave to do so untimely, the rule does not provide for such an option. For these reasons, Appellees request is denied.")

**{¶20}** My colleagues rely upon App.R. 14(B) as support for their decision. However, Appellee has given no reason for the untimely filing of its motion, let alone stating extraordinary circumstances required by the rule. Pursuant to App.R. 14(B), *Martin*, *Hess* and *Scott* we have no discretion to consider an untimely motion for reconsideration. For these reasons, I would deny reconsideration.