[Cite as *Linker v. Xpress Fuel Mart*, 2019-Ohio-498.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

PAT LINKER,

Plaintiff-Appellant,

v.

XPRESS FUEL MART, INC., et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0172**

---

Appellee's Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. Gregg A. Rossi*, Rossi & Rossi, 26 Market Street, 8th Floor, Huntington Bank Building, P.O. Box 6045, Youngstown, Ohio 44501, for Plaintiff-Appellant.

*Atty. John W. Becker* and
*Atty. John M. Heffernan*, Harpst Ross Becker Co., LLC, 1559 Corporate Woods Parkway, Suite 250, Uniontown, Ohio 44685 address, for Defendants-Appellees.

Dated: February 1, 2019

---

**PER CURIAM.**

**{¶1}** On January 7, 2019, Appellee Xpress Fuel Mart, Inc. filed an application for reconsideration of our December 20, 2018 decision in *Linker v. Xpress Fuel Mart, Inc.,* 7th Dist. No. 17 MA 0172, 2018-Ohio-5404. On January 11, 2019 Appellant Pat Linker filed a brief in opposition to the application.

**{¶2}** Appellant appealed a November 1, 2017 decision of the Mahoning County Common Pleas Court granting Appellee summary judgment on Appellant's negligence claim. Appellant was injured after he slipped and fell in Appellee's store. On appeal, we affirmed the decision in part, reversed in part and remanded, concluding that summary judgment was precluded where a genuine issue of material fact existed regarding the proximate cause of Appellant's fall and subsequent injuries. *Id.* at ¶ 19.

**{¶3}** Appellee contends that no genuine issue of material fact exists and that summary judgment was warranted. Appellee claims that Appellant failed to meet his burden by failing to present any evidence that an unreasonably dangerous latent condition existed and that Appellee created such a condition. Appellee also states that the presence of water on Appellee's floor was an open and obvious condition which precludes Appellant's negligence claim.

**{¶4}** App.R. 26, which provides for the filing of an application for reconsideration in this Court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered. *Deutsche Bank Natl. Tr. Co. v. Knox*, 7th Dist. No. 09-BE-4, 2011-Ohio-421, ¶ 2, citing M*atthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered or not fully considered in the direct appeal. *Deutsche Bank* at ¶ 2.

**{¶5}** An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached, and the logic used, by an appellate court. *Id.*, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Instead, App.R. 26 provides a mechanism by which a party may prevent a miscarriage of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶6}** We conducted a *de novo* review of the trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶7}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine

issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

{¶8} After review of this record we concluded that, although there was very little evidence presented, both sides introduced conflicting evidence regarding the cause of Appellant's fall. Appellant testified during his deposition that it had not been snowing that day and that Appellee's employee mopped the floor, making it wet, and that she negligently failed to provide proper warning which led to his fall. Appellee's employee testified during her deposition that she mopped the floor within fifteen minutes of Appellant's fall because the floor was dirty and could have been wet from water tracked in from outside, but that it was drying when Appellant entered. We concluded that the trial court's decision to grant summary judgment was improper where the record contained conflicting testimony as to the cause of Appellant's fall and that testimony supported both sides' positions. As a consequence, there is no obvious error in our prior decision. Appellee simply disagrees with our logic and conclusions. Accordingly, Appellee's application is overruled.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE KATHLEEN BARTLETT**

Case No. 17 MA 0172

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**