[Cite as *O'Kelley v. Rothenbuhler*, 2021-Ohio-2488.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MONROE COUNTY

DR. ROBERT LEON O'KELLEY, JR.,

Plaintiff-Appellant,

v.

RONALD ROTHENBHULER ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MO 0009**

---

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Overruled.

---

*Atty. David Wigham,* and *Atty. Emily Anglewicz,* Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308, and *Atty. Sara Fanning*, Roetzel & Anress, 41 South High Street, Huntington Center, 21st Floor, Columbus, Ohio 43215, for Plaintiff-Appellant and

*Atty. Donald Tennant, Jr.,* Tennant Law Offices, 38 Fifteenth Street, Suite 100, Wheeling, West Virginia 26003, for Defendants-Appellees Ronald and Jennifer Rothenbuhler.

*Atty. Todd Kidlow*, and *Atty. Heidi Kemp*, Emens Wolper Jacobs & Jasin Law Firm, 250 West Main Street, Suite A, St. Clairsville, Ohio 43950, for Defendants-Appellees Sharon Rothenbuhler et al. *Atty. Steven Silverman*, Babst, Calland, Clements & Zomnir, PC, Two Gateway Center, 6th Floor, Pittsburgh, PA 15222, for Defendant-Appellee Eclipse Resources I, LP. *Atty. Ryan Regel*, Yoss Law Office, 122 North Main Street, Woodsfield, Ohio 43793, for Defendants-Appellees Constance and Randy Smith.

Dated: July 16, 2021

**PER CURIAM.**

**{¶1}** On April 12, 2021, Appellant, Dr. Robert Leon O'Kelley, Jr. filed an application for reconsideration of our opinion and judgment entry in *O'Kelley v. Rothenbuher*, 7th Dist. (Monroe) No. 20MO0009, 2021-Ohio-1167. Appellant asserts that we should reconsider our conclusion, following additional briefing and oral argument, that the references to a mineral interest in the chain of title at issue in this case were general rather than specific based on the issuance of the Ohio Supreme Court's opinion in *Erickson v. Morrison*, -- Ohio St.3d --, -- N.E.3d --, 2021-Ohio-746.

**{¶2}** *Erickson* was issued after oral argument but prior to our opinion and judgment entry in this case. Oral argument was heard in this matter on February 17, 2021. The Ohio Supreme Court issued its decision in *Erickson* on March 16, 2021. The following day, Appellant filed a "Notice of Pending Relevant Ohio State Supreme Court Case," in which Appellant notified us of the issuance of *Erickson*, but, notably, did not request additional briefing or oral argument, which he now contends are essential to our application of *Erickson*.

**{¶3}** Because we undertook an analysis of *Erickson* in our opinion and judgment entry, Appellees, Ronald Rothenbuhler, Jennifer Rothenbuhler, Sharon Rothenbuhler, Kevin Rothenbuhler, Kenneth Rothenbuhler, Kristy Rothenbuhler Lumbatis, Jason Lumbatis, Rothenbuhler Oil and Gas, LLC, Constance Smith, Randy Smith and SWN Production (Ohio), LLC, argue that Appellant merely disagrees with our conclusion, rather than points to an obvious error in our reasoning.

**{¶4}** App.R. 26 provides for the filing of an application for reconsideration in this Court, but includes no guidelines to be used in the determination of whether a decision is

to be reconsidered. *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. Belmont No. 09-BE-4, 2011-Ohio-421, 2011 WL 334508, ¶ 2, citing *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the application for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not considered or not fully considered in the appeal. *Id.*

**{¶5}** An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *Deutsche Bank* at ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism to prevent the possible miscarriage of justice that may arise where an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶6}** At the beginning of the application for reconsideration, Appellant cites four cases for the proposition that "[t]his Court and others have granted reconsideration in similar circumstances where appellate courts were not briefed on a dispositive Ohio Supreme Court decision issued shortly after a case was decided." (App. at p. 3.) As Appellees correctly counter, *Erickson* was decided prior to our opinion and judgment entry in this case, and we applied *Erickson* to the facts in this case. We wrote:

> On March 16, 2021, the Ohio Supreme Court further explained the Blackstone step-two "general vs. specific" distinction in *Erickson v. Morrison*, -- Ohio St.3d --, -- N.E.3d --, 2021-Ohio-746. In that case, the root of title deed and all of the recorded transfers thereafter contained a verbatim restatement (with the exception of the word "said") of the original severance language, which read, "Excepting and reserving therefrom all coal, gas, and oil with the right of said first parties, their heirs and assigns, at any time to drive and operate for oil and gas and to mine for coal." Id. at ¶ 5. The surface owners argued that the reference was general because it did not identify the reserving party, based on the Ohio Supreme Court's holding in *Blackstone [v. Moore*, 155 Ohio St.3d 448, 2018-Ohio-4959, 122 N.E.3d 132.]

However, the *Erickson* Court opined that *Blackstone* "did not hold that a reference is *required* to identify both the type of interest and by whom it is reserved to preserve the interest." (Emphasis in original) *Id.* at ¶ 24. The *Erickson* Court cited the 1988 amendment of the MTA, which required greater specificity in order for recorded notices to preserve preexisting interests, to demonstrate that the identity of the reserving party was not required in order for the reference in the muniments of title to be specific:

> [W]hen the General Assembly amended the requirements for recording a notice of preservation to include the name of the interest's owner, a description of the property affected, and the recording information creating a property interest affected by the notice, it did not also amend R.C. 5301.49(A) to require that a reference in the muniments of title contain that same information in order to preserve a preexisting interest from being extinguished after 40 years from the root of title.

*Id.* at ¶ 29.

In defining the characteristics of a "general" reference, the Ohio Supreme Court further observed that "R.C. 5301.49(A) is directed at " 'the common conveyance practice for draftsmen to include in the deed description some such language as "subject to easements and use restrictions of record.' " " *Id.* at ¶ 30, quoting Smith, The New Marketable Title Act, 22 Ohio St.L.J. 712, 717 (1961). The *Erickson* Court continued:

> Dean Allan F. Smith explained that "[t]his is a device which is probably adequate to protect the grantor from liability on his covenants for title in a warranty deed should there be burdens of that type on record. This throws the risk of title search on the purchaser." *Id.* But such a general reference leaves it unclear whether a prior interest in fact exists. And as Dean Smith stated, "The Ohio Act * * * wisely adopted the provision

in the Model Act which makes such a general reference inadequate to preserve the ancient interests even though the general reference appears in the muniments of title which make up the forty-year chain." *Id.*

*Erickson*, supra, ¶ 30.

Because the surface owners' root of title and subsequent conveyances "[were] made subject to a specific, identifiable reservation of mineral rights recited throughout their chain of title using the same language as the recorded title transaction that created it," the *Erickson* Court held that the reference was specific not general. In so holding, the Ohio Supreme Court observed that the reference in *Erickson* did not contain "vague, boilerplate language excepting any reservations that may – or may not – exist," but, instead, "a reference to a specific, identifiable reservation of mineral rights that can be determined through a reasonable title search." Id. at ¶ 3, 32.

Although the Ohio Supreme Court's recent decision in *Erickson* serves to further clarify the *Blackstone* step-two "general vs. specific" distinction, we find nonetheless that the reference at issue in the above-captioned case – "excepting the oil and gas minerals including coal underlying the same heretofore conveyed" – is general not specific. Simply stated, the reference lacks any "narrow precise considerations," "limited details," or "particulars" as described in *Blackstone*.

First, the reference is not a verbatim restatement of the original severance language. The original severance deed excepts and reserves "[a]ll oil, gas and minerals (including coal) of whatsoever kinds." (Emphasis added.) The phrase in the reference at issue in this appeal – "the oil and gas minerals including coal" – could refer to a prior deed that severed all of the oil, gas, and coal, or a prior deed that severed less than all of the oil, gas, and coal. Therefore, we find that the description of the interest lacks specificity.

Case No. 20 MO 0009

Next, the original severance language excepts and reserves to the grantor the "full right to develop same and to operate on said premises therefore with the incidental rights and privileges necessary to such development and operation including among other things the right to locate and drill thereon and therein oil wells and gas wells to lay pipes to and from said wells." The reference at issue here omits the foregoing language from the severance deed, which serves to describe in detail the rights of the reserving party with respect to the mineral interest.

Further, the parties dispute on appeal whether the clause "heretofore conveyed" modifies the phrase "the oil and gas minerals including coal" or "the same." We need not resolve the dispute over the language in the deed, because the mere fact that the reference is susceptible to more than one interpretation is further evidence that the reference is general not specific.

Even assuming the "heretofore conveyed" modifies "oil and gas minerals including coal," we find that the reference sounds to the reader like vague, boilerplate language excepting reservations that may or may not exist, rather than a specific, identifiable reservation of mineral rights using the same language that created it. Based on the ambiguity of the reference, we find that it is general not specific.

*O'Kelley v. Rothenbuhler*, 7th Dist. Monroe No. 20 MO 0009, 2021-Ohio-1167, ¶ 40-48.

{¶7}     In his application for reconsideration, Appellant advances three substantive arguments that we misapplied the *Erickson* decision.  First, Appellant argues that a repetition need not be verbatim in order to be specific.  Next, Appellant argues that the development language from the severance deed is not required for a reference to be specific.  Finally, Appellant argues the *Erickson* Court opined that, even in the absence of the phrase "previously excepted by Nick Kuhn, their [sic] heirs and assigns," the reference in *Blackstone* would still be a specific reference.

Case No. 20 MO 0009

**{¶8}** Appellant's arguments misinterpret both our holding and *Erickson.* We did not find that a repetition *must* be verbatim, or *must* include development language, in order to be specific. We merely found that reference in this case would have been more detailed if it contained the verbatim language ("all of the oil and gas") and the development language. For the same reason, we disagree with Appellant's interpretation of *Erickson* as it relates to the "Nick Kuhn" language in the reference in *Blackstone.* The *Erickson* Court rejected the argument that *Blackstone* stands for the proposition that a reference *must* include the reserving party's name in order to be specific. While the *Erickson* Court opined that the reserving party's name is not required for a reference to be specific, it did not hold that the reference in *Blackstone,* absent the "Nick Kuhn" phrase would have been specific. The "Nick Kuhn" phrase in *Blackstone,* like the verbatim restatement and the development language in this case, are factors to be considered on a case-by-case basis to determine whether a reference is general or specific.

**{¶9}** Accordingly, Appellant's application for reconsideration is overruled.

**JUDGE DAVID A. D'APOLITO**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 20 MO 0009</u>