[Cite as *Tera, L.L.C. v. Rice Drilling D, L.L.C.*, 2023-Ohio-427.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

TERA, LLC,

Plaintiff-Appellee,

v.

RICE DRILLING D, LLC ET AL.,

Defendants-Appellants.

---

### OPINION AND JUDGMENT ENTRY
### Case No. 21 BE 0047

Application for Reconsideration

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Charles H. Bean,* Thornburg & Bean, 113 West Main Street, P.O. Box 96, St. Clairsville, Ohio 43950, *Atty. Elizabeth L. Glick*, Law Office of Elizabeth L. Glick, P.O. Box 191, St. Clairsville, Ohio 43950*, Atty. Richard A. Myser*, Myser & Davies, 320 Howard Street, Bridgeport, Ohio 43912, and *Atty. Craig J. Wilson*, C.J. Wilson Law, LLC, 2606 Hilliard Rome Road, PMB 3007, Hilliard, Ohio 43026, for Plaintiff-Appellee and

*Atty. John Kevin West,* and *Atty. John C. Ferrell*, Steptoe & Johnson PLLC, 41 South High Street, Suite 2200, Columbus, Ohio 43215, and *Atty. Melanie M. Norris*, Steptoe & Johnson PLLC, 1324 Chapline Street, Suite 100, P.O. Box 751, Wheeling, West Virginia 26003, for Defendants-Appellants Rice Drilling D, LLC and Gulfport Energy Corporation and

*Atty. Anna G. Rotman*, and *Atty. Kenneth A. Young*, Kirkland & Ellis, LLP, 609 Main, Suite 4600, Houston, Texas 77002, for Defendant-Appellant Rice Drilling D, LLC.

Dated: February 7, 2023

**PER CURIAM.**

{¶1} On January 30, 2023, Appellants, Rice Drilling D, LLC and Gulfport Energy Corporation, filed an application pursuant to App. R. 26(B) seeking reconsideration of our opinion and judgment entry in *Tera, LLC v. Rice Drilling D, LLC*, 7th Dist. Belmont No. 21 BE 0047, 2023-Ohio-273 (J. Robb, dissenting).

{¶2} In the January 18, 2023 opinion and judgment entry, the majority of the panel affirmed the decision of the trial court entering summary judgment in favor of Appellee, Tera, LLC, on its bad faith trespass and conversion claims, based on the conclusion that the unambiguous language of the oil and gas leases at issue did not include drilling rights to the Point Pleasant. Judge Robb, on the other hand, concluded the opposite, that the unambiguous language of the leases includes drilling rights to the Point Pleasant. In addition to affirming the decision of the trial court on the merits, the majority affirmed the jury's verdict awarding damages to Tera, with the exception of damages awarded when Tera was not the owner of the subject properties, and remanded the matter for retrial on the single issue of compensatory damages.

{¶3} Reconsideration "provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law." *Deutsche Bank Natl. Trust Co. v. Knox*, 7th Dist. Belmont No. 09-BE-4, 2011-Ohio-421, ¶ 2. "When presented with an application for reconsideration * * *, an appellate court must determine whether the application calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Norman v. Kellie Auto Sales, Inc.*, 2020-Ohio-6953, 165 N.E.3d 805, ¶ 7 (10th Dist.), aff'd, 167 Ohio St.3d 151, 2022-Ohio-1198, 189 N.E.3d 784. "A panel could conceivably make any number of obvious errors justifying reconsideration including a factual error, a procedural error, or an error of law." *Id.* at ¶ 11.

{¶4} The lion's share of the seventeen-pages of argument in Appellants' application for reconsideration revisits the legal analysis of the majority and the dissent, and, not surprisingly, advocates for the conclusion reached by the dissent. However,

Case No. 21 BE 0047

mere disagreement with the majority's logic and conclusions does not support an application for reconsideration. *Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66, 2005-Ohio-1766, ¶ 16 ("An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision.")

{¶5}    As our decision followed voluminous briefing (by both the parties and amici), thorough advocacy at oral argument, and thoughtful consideration and rigorous debate by the panel over the numerous issues presented in this appeal, the application for reconsideration is denied.

**JUDGE DAVID A. D'APOLITO**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**